UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Rachel C. Sumner,

    Plaintiff,

v.                                        Case No. 13-14303
                                         Honorable Sean F. Cox
                                         Magistrate Judge Mona K. Majzoub

Commissioner of
Social Security,

    Defendant.
_____/

## ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff brought this action seeking judicial review of the Commissioner of Social Security's determination that she is not entitled to social security benefits for her physical and mental impairments under 42 U.S.C. § 405(g). (Doc. #1).

Some time thereafter, Plaintiff and Defendant filed cross-motions for summary judgment. (Doc. #10 and Doc. #12). All proceedings in this case were referred to Magistrate Judge Mona K. Majzoub pursuant to 28 U.S.C. §§ 636(b)(1)(A), (B), and (C).

On November 3, 2014, Magistrate Judge Majzoub issued a Report and Recommendation ("R&R") wherein she recommended that the Court DENY Plaintiff's Motion for Summary Judgment, GRANT Defendant's Motion for Summary Judgment, and enter Judgment in favor of Defendant. (Doc. # 14). Plaintiff filed timely objections to the November 3, 2014 R&R on November 17, 2014. (Doc. #15).

Pursuant to Fed. R. Civ. P. 72(b), a party objecting to the recommended disposition of a

matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id*.

Having considered Plaintiff's objections to the R&R, the Court finds the objections to be without merit. The Court shall therefore adopt the R&R, deny Plaintiff's Motion for Summary Judgment, and grant Defendant's Motion for Summary Judgment.

## ANALYSIS

Plaintiff's Motion for Summary Judgment sought to have this Court reverse the Administrative Law Judge's (ALJ) conclusion that Plaintiff is not disabled because she could perform non-skilled sedentary work with several limitations. Plaintiff argued that 1) "the ALJ erred where there is no support for the Mental RFC Assessment contained in his determination and the record is devoid of a Mental RFC assessment from a physician;" 2) "the ALJ's RFC finding fails to comply with SSR 96-8p when he failed to include the required 'function-by-function' assessment;" 3) "the ALJ erred where he failed to properly assess the Plaintiff's mental RFC as required by agency regulations;" and 4) "the ALJ erred where there is absolutely no support for his physical RFC assessment of Plaintiff and the record only contains one physical RFC assessment, which directly contradicts the ALJ's findings." (Pl. Mo., Doc. #10).

Magistrate Judge Majzoub found that the ALJ considered all of Plaintiff's impairments and properly relied on Dr. Bray's opinion in making his mental RFC determination. (R&R at 9). Specifically, Magistrate Judge Majzoub found that, although Plaintiff alleged that the ALJ failed to "address all work-related functions," Plaintiff did not discuss what work-related functions that the ALJ failed to consider. (R&R at 10). Moreover, to the extent that Plaintiff faulted the ALJ for

relying on only one physician's RFC assessment, Magistrate Judge Majzoub pointed out that "it is a claimant's burden to provide a complete record, but the ALJ must put forth the statutorily required 'reasonable effort' to assist the claimant" and "Plaintiff provided no additional evidence with regard to her mental impairments and does not suggest that any such evidence exists." (R&R at 11).

Plaintiff has not asserted a specific objection to this portion of the Magistrate Judge's report and recommendation. Therefore, to the extent that Plaintiff's objections may be construed to apply this portion of the R&R, the objections are not proper and are hereby overruled.

Next, in regard to the ALJ's physical RFC assessment, Magistrate Judge Majzoub found that the ALJ did not err in determining Plaintiff's RFC, despite her complaints of her need to close her eyes every fifteen minutes, because Plaintiff's testimony was not entirely credible and was contradicted by medical evidence. In her R&R, Magistrate Judge Majzoub noted that the ALJ "specifically discussed a May 26, 2010 appointment with Dr. Michael Gamble, where Plaintiff stated that she did not want any adjustments to her medication, that she went to see a chronic care team 'only to appease her mother,' and that she 'does not plan on implementing any of their recommendations.'" (R&R at 13). Magistrate Judge Majzoub concluded that the ALJ did not err by including only those physical limitations that he found credible because "an ALJ is not required to include in Plaintiff's RFC those limitations that he does not find credible." (R&R at 12, citing *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993).

Plaintiff does specifically object to this portion of the Magistrate Judge's R&R because "the Magistrate Judge and the ALJ failed to follow the SSA rules and regulations when evaluating Plaintiff's credibility concerning her pain complaints and functional limitations. Specifically, the ALJ assigned only limited weight to Plaintiff's testimony and great weight to the treatment notes

3

because of alleges inconsistencies in Plaintiff's testimony." (Pl. Obj., Doc. #15 at 2).

This objection is also without merit. Plaintiff may be correct that the applicable regulations provide that a claimant's "statements about the intensity and persistence of [his or her] pain and other symptoms" will not be rejected "solely because the available objective medical evidence does not substantiate" such complaints. (Pl. Obj. at 3; *see* 20 C.F.R. 404.1529(c)(2)). However, the ALJ did not rely solely on objective medical evidence in rejecting Plaintiff's complaints about visual impairments due to her diabetes; rather, the ALJ received testimony from Plaintiff on that issue and concluded that "the inconsistencies suggest that the information provided by claimant generally may not be entirely reliable." (R&R at 13, citing Tr. 20). The Magistrate Judge concluded, and this Court agrees, that the ALJ did not err in formulating Plaintiff's physical RFC assessment because he included only those limitations that he found credible.

## ORDER

For the reasons set forth above IT IS ORDERED that the Court ACCEPTS AND ADOPTS the November 3, 2014 R&R. IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment is DENIED and Defendant's Motion for Summary Judgment is GRANTED. IT IS FURTHER ORDERED that this case shall be DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: December 2, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on

December 2, 2014, by electronic and/or ordinary mail.

                                  S/Jennifer McCoy
                                  Case Manager